In the Matter of the Judicial Settlement of the Accounts of HATTIE CLAPSADDLE, Administratrix of DENNIS L. CLAPSADDLE, Deceased.

(*Surrogate's Court, Herkimer County, Filed June* 19, 1893.)

1. LIMITATION—PAYMENT.

The only indorsement within the statutory time upon a note of decedent to his wife was one for $50, on back interest, which was not signed by him. His daughter testified that she was present when the indorsement was made, and that decedent said: "There, the note is all right now; my indorsement makes it all right;" that no money passed at the time; that she had seen her father hand her mother money at other times, but could not tell the amount. *Held*, insufficient to prove a payment, and that the note was barred by the statute.

2. PAYMENT—PRESUMPTION—HUSBAND AND WIFE.

When the delivery of money is from husband to wife or from father to child, the presumption that the delivery of money was in payment of a debt will not arise.

3. EXECUTORS AND ADMINISTRATORS—VERIFICATION OF CLAIM.

An affidavit in support of a claim by an administrator which does not state that no payments have been made thereon is insufficient.

Upon the accounting in the above entitled proceeding the administratrix sought to prove and have established as a debt due from the estate to her the amount of a promissory note

dated April 4, 1867, made by Dennis L. Clapsaddle and Lawrence Clapsaddle, promising to pay jointly to Harriet Clapsaddle, three years from date, $2,100, with use.

J. M. Hyde, a creditor, filed objections to the claim of the administratrix, viz.: First, that the claim was barred by the statute of limitations. Second, that the administratrix had not made sufficient proof of the claim, and that the proof and papers submitted were not sufficient to authorize the allowance of the claim.

The note had indorsements written upon it in the handwriting of Dennis L. Clapsaddle, as follows: "May 1, 1871, received $200.00 as interest on within note. May 1, 1875, received $200.00 as interest on within note. May 1, 1879, received $200.00 as interest on within note. May 1, 1890, received fifty dollars towards back interest."

The administratrix presented on the hearing as her claim a copy of the note and indorsements, and statement that the amount claimed to be due from the estate of Dennis L. Clapsaddle to the claimant on the note September 30, 1891, for principal and interest, was $6,635.68, and this was verified by the affidavit of the administratrix, "that the amount of the above promissory note, as stated in the within note, is now justly due and owing to her from the estate of Dennis L. Clapsaddle, and that there are no offsets thereto."

James Conkling (James B. Rafter, of counsel), for administratrix; Charles D. Thomas, for creditors.

SHELDON, S.—By the provisions of section 395 of the Code of Civil Procedure: "An acknowledgment or promise contained in a writing, signed by the party to be charged thereby, is the only competent evidence of a new or continuing contract whereby to take a case out of the operation of the statute of limitations." But this section does not alter the effect of a payment of principal or interest.

The indorsement in the handwriting of Dennis L. Clapsaddle, dated May 1, 1890, was an acknowledgment by him at that date

that he was indebted upon that note to the holder in the amount of the note and interest, less the payments indorsed thereon. But the acknowledgment, though in writing, was not signed by the decedent, and therefore was not alone sufficient to lift the bar of the statute.

The indorsement, however, is the admission and declaration of both the holder, Harriet Clapsaddle, and the maker, Dennis L. Clapsaddle, that fifty dollars was paid on the note on the day of the indorsement, and a payment made that day would have the effect of renewing the note from the date of the payment.

If this indorsement were the only proof on the subject of the payment represented by that indorsement, it would be sufficient to support and require a finding that a payment of fifty dollars was, in fact, made on May 1, 1890, on the note by decedent.

Additional evidence upon the subject of that indorsement and the payment supposed to be represented by it was given, and the effect of it must be considered.

In the case of Hulbert v. Nichol, 20 Hun, 457, MAYNARD, County J., says: "When it appears upon the face of the instrument declared upon that the statute has run against it, the burden is upon the party claiming under it to show that the case is excepted from the statutory bar; and where the exception contended for consists of a constructive acknowledgment of the debt arising from part payment, the partial payment must be clearly established, and not be a matter of conjecture merely," and "The evidence to establish a part payment from which an acknowledgment of the debt and a promise to pay it is to be implied ought to be as clear, explicit and unequivocal as that required to support a written acknowledgment or express promise to pay; evidence which is just as consistent with the theory that no payment was made as with the presumption of payment should not be deemed sufficient."

The only testimony in support of the claim was given by Ellen H. Clapsaddle, a daughter of decedent and the claimant, who testified that she was not quite twenty-six when her father

died; and that she had always lived at home with her father and mother; and that her father was a farmer; that about 1881 she saw her father pay her mother some money; and that at the time of the indorsement of May 1, 1890, she saw her father write the indorsement on the note and hand it back to her mother and say: "There, the note is all right now; my indorsement makes it all right." The foregoing was upon direct examination. Upon cross-examination she testified respecting the payment made about 1881: "I do not know the amount; I saw the money; I do not remember the denomination of the bills; all I mean about that transaction is, that in 1881 I saw my father hand my mother some money; I cannot say there was more than two bills; I cannot say I recollect of seeing distinctly more than one; during all the years of which I have testified my father and mother were living together, and my father furnished the money for the usual wants of the family."

Upon re-direct she testified: "In 1887 or 1888 I saw my father pay my mother money, and I think in 1889. I am able to swear positively that at various times in 1887 and 1888 I saw my father pay my mother money." Upon re-cross examination she testified: "I saw him pay her money in 1890 on several occasions; I mean by pay, hand her money. On a few occasions I saw her buy articles with the money handed to her; I could not say whether the sums were large or small. I do not know that there were seasons of the year when he gave her money more frequently than others. It was about as frequent through the years one with another. I remember one occasion when something was said. I think it was later than 1879. I cannot give the date. I have given all that I remember of what was said when the last indorsement was written. I did not see my father hand my mother any money on this occasion. My mother produced the note. The indorsement having been made, my father re-delivered the note to my mother. I did not see any other paper there. I had been with my mother nearly all the day. I did not see at any time any money paid by father to mother that day."

Ordinarily the mere fact that money is delivered by one person to another raises a presumption that the money was delivered in payment or to apply in satisfaction of an obligation previously incurred. Bradner v. Fitzhugh, 4 W. Dig. 516.

But such a presumption is by no means conclusive, and its strength must depend upon circumstances. When the delivery of money is from husband to wife or from father to child the presumption that the delivery of the money was in payment of a debt will not arise. This case is similar to that of the rendition of services, concerning which, in the leading case of Williams v. Hutchinson, 5 N. Y. 317, PRATT, J., says: "Under certain circumstances, when one man labors for another a presumption of fact will arise that the person for whom he labors is to pay him the value of his services. It is a conclusion to which the mind readily comes from a knowledge of the circumstances of the particular case and the ordinary dealings between man and man. But where the services are rendered between members of the same family no such presumption will arise." The deliveries of money by decedent to his wife are not proved to have been made under such circumstances as to lead to any other inference than that they were made to supply ordinary domestic wants.

The witness by whom these receipts of money from decedent by the claimant was proved appeared entirely candid and truthful; and from the interest in favor of the claimant which her natural affection as a daughter would inspire it may well be supposed that all the facts which she could give tending to show payment were given in evidence. The situation of the witness was such that it is difficult to suppose that payments or any payment upon the note was made without the daughter hearing anything said upon the subject between her father and mother. The fact that nothing was said at the time of the indorsement, or at any other time, so far as appears, about a payment on the note, and that the actual payment first attempted to be proved as the payment for which the indorsement was made was stated to have been made in 1881, and that all the alleged deliveries of money

by decedent to the claimant were for domestic purposes probably, and not payments upon the note, and that the attempt of the claimant to show actual payment upon the note, aside from the force of the indorsement, has failed, leads to the conclusion, which is also supported by what was said by the decedent at the time of making the indorsement, that the decedent and claimant agreed to have the indorsement put upon the note, not as evidence of any payment ever actually made, but acting under the impression that the indorsement would, of itself, renew the note, and save it from the operation of the statute of limitations.

The literal meaning of the words used by the decedent, accompanying his indorsement, express the idea that the indorsement alone made the note all right; he said "There, the note is all right now; my indorsement makes it all right."

Taking all the evidence into consideration, the conclusion is reached that the claimant has not successfully sustained the burden of proving a payment upon the note May 1, 1890, or at any time within six years prior to the death of Dennis L. Clapsaddle.

The contesting creditor also raises the objection that the administrator is required, but has omitted, to present the affidavit which the administrator may require each creditor to present in support of his claim, viz., "that such claim is justly due; that no payments have been made thereon; and that there are no offsets against the same to the knowledge of such claimant." That a claim in favor of the administrator shall not be deemed proved and may not be allowed by the surrogate unless the affidavit is made and presented is held by the following authorities: Williams v. Purdy, 6 Paige's Ch. 166; Clark v. Clark, 8 id. 159; Terry v. Dayton, 31 Barb. 519; Wood v. Rusco, 4 Red. 384.

The affidavit presented by the administratrix was defective in not stating that no payments had been made on the claim.

The rule makes a requirement in excess of the demands of the statute, and compels a creditor who happens to be the ad-

ministrator to do an act that, if omitted by an ordinary creditor, would not bar a recovery by action or upon a reference under the statute of his demand. The rule seems a technical one, but if there be reason for requiring the affidavit, there is the same reason for requiring that the affidavit should conform to the rule, and not only state that the claim is justly due, and that there are no off-sets against the same to the knowledge of the claimant; but that no payments have been made thereon. Upon the authority of the cases cited I am constrained to hold that this ground of objection is also well taken, and that for the reasons stated the claim must be disallowed.